## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Calystia A. Billings,

        Plaintiff,

v.

Experian Information Solutions, Inc. and

Rushmore Loan Management Services,

LLC

        Defendants.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1.  This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2.  Plaintiff, Calystia A. Billings, is natural person who resides in Gwinnett County, Georgia.

3.  Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4.     Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Rushmore Loan Management Services, LLC (hereinafter "Rushmore") is a corporation that does business in Georgia.

6.     Defendant Rushmore regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

7.     Defendant Rushmore uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit reporting agency doing business in Georgia.

9.     Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate

commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

10. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331.  Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

11. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. On November 29, 2012, the Plaintiff filed a Chapter 13 bankruptcy petition in the Northern District of Georgia, case number 12-79383.

13. On or about January 22, 2015, the Plaintiff's Chapter 13 bankruptcy petition was converted to a Chapter 7 bankruptcy, by Order of the Court.

14.   The Plaintiff received a discharge of her debts by Order of the Court dated May 7, 2015.

15.   Among the debts discharged was a debt owing to Rushmore.

16.   The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17.   On or about June 17, 2015, Plaintiff obtained a copy of her credit report as published by Experian.

18.   That report contained erroneous information as provided by Rushmore and published and reported by Experian. Specifically, the Defendants reported that, as of August, 2015, the Plaintiff owed a balance to Rushmore despite the Plaintiff's bankruptcy discharge in May.

19.   Because Plaintiff's debts were discharged in bankruptcy, the information described above was both false and misleading.

20.   In a letter dated September 14, 2015, Plaintiff disputed the inaccurate and misleading information to both Defendants and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading.

21.   Upon information and belief, Defendant Experian timely notified Defendant Rushmore of the Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

4

22.   In a document dated October 1, 2015, Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter.  Copies of the relevant pages of this document are attached as Exhibit "A".

23.   There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information published by Defendants.

24.   Defendant Experian was required to communicate the specifics of Plaintiff's dispute to Defendant Rushmore. Likewise, Defendant Rushmore has a duty to investigate the dispute and accurately report its findings to Defendant Experian.

25.   Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant Rushmore.

26.   The Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

27.   Each and both of the Defendants, independently and jointly, breached their duties as described above.

28.   Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that the Plaintiff owed a balance to Rushmore was not appropriately deleted or modified.

29.   As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

30.   Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating and emotional distress.

31.   Rushmore's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

32.   Defendant provided the false and misleading information to Experian in furtherance of its efforts to collect the debt.

## **TRIAL BY JURY**

33.   Plaintiff is entitled to and hereby requests a trial by jury.

## **CAUSES OF ACTION**

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Experian Information Solutions, Inc.)

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

36. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

37. As a result of Defendant Experian's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

38.     Defendant Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

39.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Rushmore Loan Management Services, LLC)

40.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41.     Defendant Rushmore  willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

42.     As a result of Rushmore's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit

rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

43.   Defendant Rushmore's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

44.   Plaintiff is entitled to recover costs and attorney's fees from Defendant Rushmore pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) (Rushmore Loan Management Services, LLC)

45.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46.   Defendant Rushmore's provision of false and/or misleading information in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

47.   As a result of Rushmore's violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit

rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

48.     Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Rushmore $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2) (Rushmore Loan Management Services, LLC)

49.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50.     Defendant Rushmore willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

51.     After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Defendant Rushmore not only refused but re-reported the false information to Defendant Experian.

52.     Defendant Rushmore's actions and omissions were willful, rendering it liable

        for civil contempt sanctions.

        WHEREFORE, Plaintiff prays that judgment be entered against these

Defendants for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n

        and/or 1681o;

   d.) Statutory damages against Rushmore pursuant to 15 U.S.C. § 1692k;

   e.) Civil Contempt damages and penalties in an amount sufficient to affirm

        the integrity of the Orders of the Bankruptcy Court, the importance of

        guaranteeing the Plaintiff the "Fresh Start" she entitled to upon discharge,

        and to deter future similar conduct on the part of the Defendant; and

   f.) Reasonable attorney's fees and costs against Rushmore pursuant to 15

        U.S.C. § 1692k; and

   g.) Such other and further relief as may be just and proper.


Respectfully submitted this 18th day of November, 2015.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com

12