## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CALYSTIA A. BILLINGS, | ) | Case No. |
| | ) | 1:15-cv-04047-ELR-GGB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. AND RUSHMORE | ) | |
| LOAN MANAGEMENT SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## RUSHMORE LOAN MANAGEMENT SERVICES LLC'S ANSWER

**COMES NOW**, Rushmore Loan Management Services LLC ("Defendant Rushmore"), by and through its undersigned counsel, and hereby submits its Answer to the Complaint filed by Calystia A. Billings ("Plaintiff"), respectfully showing this Court as follows:

## FIRST DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief can be granted against Defendant Rushmore.

## SECOND DEFENSE

Plaintiff's claim for an alleged violation of the Fair Debt Collection Practices Act is barred because any alleged violation was unintentional and the

result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1692k.

## THIRD DEFENSE

Plaintiff's alleged damages were caused by Plaintiff or persons other than Defendant Rushmore.

## FOURTH DEFENSE

Defendant Rushmore responds to each individual paragraph as follows:

## PRELIMINARY STATEMENT

### 1.

Defendant Rushmore denies the allegations contained in Paragraph 1 of the Complaint.

## PARTIES

### 2.

Defendant Rushmore admits Plaintiff is a natural person.   Defendant Rushmore is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendant Rushmore admits Plaintiff is an individual, but the remaining allegations contained in Paragraph 3 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

4.

The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

5.

Defendant Rushmore denies the allegation contained in Paragraph 5 of the Complaint that it is a corporation.   The remaining allegations contained in Paragraph 5 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

6.

Defendant Rushmore admits the allegation contained in Paragraph 6 of the Complaint that it provides information to credit reporting agencies.  The remaining allegations contained in Paragraph 6 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

7.

Defendant Rushmore admits the allegation contained in Paragraph 7 of the Complaint it uses interstate commerce and mail in servicing loans.  The remaining allegations contained in Paragraph 7 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

8.

Defendant Rushmore admits that Experian Information Solutions, Inc. ("Defendant Experian") is a credit reporting agency.  Defendant Rushmore is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant Rushmore admits the allegation contained in Paragraph 9 of the Complaint that Defendant Experian is involved in consumer credit reporting activities.  The remaining allegations contained in Paragraph 9 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

## JURISDICTION AND VENUE

### 10.

The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

### 11.

The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

## FACTUAL ALLEGATIONS

### 12.

Defendant Rushmore admits the allegations contained in Paragraph 12 of the Complaint.

### 13.

Defendant Rushmore admits the allegations contained in Paragraph 13 of the Complaint.

### 14.

Defendant Rushmore admits the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant Rushmore denies the allegation contained in Paragraph 15 of the Complaint as stated.  Defendant Rushmore admits it was loan servicer on a loan owed by Plaintiff which was later subject to a discharge in bankruptcy effective May 7, 2015.

16.

The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

17.

Defendant Rushmore is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.

The allegations contained in Paragraph 18 of the Complaint reference a document which is not attached to the Complaint or identified sufficiently.  As such, Defendant Rushmore is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.

The allegations contained in Paragraph 19 of the Complaint reference a document which is not attached to the Complaint or identified sufficiently.  As

such, Defendant Rushmore is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant Rushmore is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant Rushmore is without sufficient knowledge and information to admit or deny the allegation that Defendant Experian timely notified Defendant Rushmore of Plaintiff's dispute.  The remaining allegations contained in Paragraph 21 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

22.

Defendant Rushmore is without knowledge and information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.

The allegations contained in Paragraph 23 of the Complaint reference a document which is not attached to the Complaint or sufficiently identified.  As such, Defendant Rushmore is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.

The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions which Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

25.

The allegations contained in Paragraph 25 of the Complaint constitute legal conclusions which Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

26.

The allegations contained in Paragraph 26 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

27.

Defendant Rushmore denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant Rushmore denies the allegation in Paragraph 28 of the Complaint.

29.

Defendant Rushmore denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant Rushmore denies the allegations contained in Paragraph 30 of the Complaint.

31.

The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

32.

The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

## **TRIAL BY JURY**

33.

The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b) and 1681i**
**(Experian Information Solutions, Inc.)**

34.

Defendant Rushmore restates and re-alleges Paragraphs 1 through 33 as if fully restated herein.

35.

The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

36.

The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

37.

The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

38.

The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

39.

The allegations contained in Paragraph 39 of the Complaint constitute legal conclusions that Defendant Rushmore is not required to admit or deny.  To the extent such a response is required, Defendant Rushmore denies said allegations.

**COUNT II**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §§ 1681s-2(b)
(Rushmore Loan Management Services LLC)**

40.

Defendant Rushmore restates and re-alleges Paragraphs 1 through 39 as if fully restated herein.

41.

Defendant Rushmore denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant Rushmore denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10)
(Rushmore Loan Management Services LLC)**

45.

Defendant Rushmore restates and re-alleges Paragraphs 1 through 44 as if fully restated herein.

46.

Defendant Rushmore denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant Rushmore denies the allegations contained in Paragraph 47 of the

Complaint.

48.

Defendant Rushmore denies the allegations contained in Paragraph 48 of the

Complaint.

## COUNT IV

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2) (Rushmore Loan Management Services LLC)

49.

Defendant Rushmore restates and re-alleges Paragraphs 1 through 48 as if

fully restated herein.

50.

Defendant Rushmore denies the allegations contained in Paragraph 50 of the

Complaint.

51.

Defendant Rushmore denies the allegations contained in Paragraph 51 of the

Complaint.

52.

Defendant Rushmore denies the allegations contained in Paragraph 52 of the Complaint.

**WHEREFORE**, Defendant Rushmore respectfully requests that this Honorable Court will:

(1)     Dismiss the Complaint in its entirety with prejudice against Defendant Rushmore;

(2)     Deny Plaintiff's requests for all damages against Defendant Rushmore;

(3)     Deny Plaintiff's requests for attorney's fees against Defendant Rushmore;

(4)     Cast all costs against Plaintiff; and,

(5)     Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of January, 2016.

**ALDRIDGE PITE, LLP**

By: /s/ Dallas R. Ivey
        Dallas R. Ivey
        Georgia Bar No. 385145
        Counsel for Rushmore Loan
        Management Services LLC

3575 Piedmont Road NE
Fifteen Piedmont Center, Suite 500
Atlanta, Georgia 30305
(404) 994-7655 (Telephone)
(888) 387-6828 (Fax)
divey@aldridgepite.com

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1.C(3)

I hereby certify that this pleading has been prepared in compliance with

Northern District of Georgia Local Rule 5.1B. This pleading has been prepared in

Times New Roman 14 point font.

This 19th day of January, 2016.

**ALDRIDGE PITE, LLP**

By: /s/ Dallas R. Ivey
    Dallas R. Ivey
    Georgia Bar No. 385145
    Counsel for Rushmore Loan
    Management Services LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **RUSHMORE LOAN MANAGEMENT SERVICES LLC's ANSWER** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record, and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to the following individuals:

Matthew T. Perry
Paul J. Sieg
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, Georgia 30324
matt@mattberry.com
psieg@mattberry.com

This 19th day of January, 2016.


**ALDRIDGE PITE, LLP**

By: /s/ Dallas R. Ivey
    Dallas R. Ivey
    Georgia Bar No. 385145
    Counsel for Rushmore Loan
    Management Services LLC

3575 Piedmont Road NE
Fifteen Piedmont Center, Suite 500
Atlanta, Georgia 30305
(404) 994-7655 (Telephone)
(888) 387-6828 (Fax)
divey@aldridgepite.com